### COBLEIGH v. GRAND TRUNK RY.

(Circuit Court, D. Vermont. June 27, 1896.)

ACCIDENT AT RAILROAD CROSSING—CONTRIBUTORY NEGLIGENCE—PROVINCE OF JURY.

 Plaintiff, approaching a crossing near a station, heard a whistle beyond the station, and, when about 200 feet from the crossing, stopped, as he testified, and looked for the train, until he concluded that it had stopped at the station, which at the time was obscured by snow. Believing that he could easily pass before the train could start up, and reach the crossing or the whistling post, where he might expect a signal, he drove on without looking further, and was struck by a fast train which had not stopped at the station or whistled at the whistling post. *Held*, that the question of contributory negligence was for the jury, and the court could not set aside a verdict for plaintiff.

This was an action by Wayne Cobleigh against the Grand Trunk Railway to recover damages for personal injuries received at a crossing of defendant's road. The case was heard on a motion by defendant for a new trial.

C. A. Hight and A. A. Strout, for the motion.
Elisha May, opposed.

WHEELER, District Judge. The plaintiff was driving his two-horse team, not afraid of trains, on a squally day in the fall, along a highway, towards, and, in fair weather, in plain sight of, the defendant's road and station at Stratford Hollow, N. H., about a third of a mile away, and heard a station whistle beyond, as of a train approaching. He soon reached a turn from the station, in the highway, about 200 feet, which he estimates at about 100 feet from the crossing, and, according to his evidence, stopped there, and looked for the train, till he concluded it had stopped at the station, which was at the time somewhat obscured by driving snow. He thought he could easily pass the crossing before the train could start up, and reach it; and the whistling post, at which he might expect the train would give signals if it came, was between the station and the crossing. Relying upon his conclusion, without looking further for a train, he drove along onto the crossing, and was struck by a fast train, which had not stopped at the station, nor, as has been found, given any signals for the crossing, and was seriously injured. The jury, upon instructions to find for the defendant if the signals were in fact given, or there was contributory negligence, have found for the plaintiff; and the defendant has moved to set aside the verdict, as contrary to the instructions, and against the evidence, upon the issue, well made by the pleadings, as to contributory negligence. The argument in support of the motion rests upon the assumption that, upon the evidence, the existence of contributory negligence was so clear that the jury could not, without passion or prejudice, find but for the defendant.

That a person should, before crossing a railroad, look out for trains, and that the omission of doing so is, ordinarily, so contributory to being hit as to prevent a recovery for that, is now elementary. Here the plaintiff, if believed, did look and listen for the train before crossing, but was mistaken in supposing it had stopped at the station. In going on, his view would be from it, and towards the railroad, in the other direction, where he should also look. If it had stopped, as he supposed, he would not need to look for it further, for it could not possibly reach the crossing before he could easily pass it; and if it had not, and the signals should be given, he could easily avoid it. Whether the plaintiff's testimony should be believed was for the jury; and, if believed, here was a fair question, not whether he looked out at all for the train he had heard, but whether he looked out enough for it. He was mistaken in supposing it had stopped; whether justifiably or not depended upon the length of time, and the care with which, he waited to see, under the surrounding circumstances. This raised a question of fact, or a mixed question of law and fact, which might be found either way, and could not be taken from the jury, nor now be re-examined, without violating article 7 of the amendments to the constitution of the United States. This motion must therefore be overruled. Motion denied, and judgment on verdict.